■ In the Matter of MARIA P., a Child Alleged to be Neglected. DIMITRIOS P. et al., Respondents; COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—In a child protective proceeding pursuant to Family Court Act article 10, the Law Guardian appeals from (1) a dispositional order of the Family Court, Queens County (DePhillips, J.), dated November 7, 1988, which upon a fact-finding order of the same court, dated January 8, 1988, *inter alia,* finding that the respondent Fontini P. had neglected the child, placed the child in the custody of the petitioner Commissioner of the New York City Department of Social Services until January 2, 1989, whereupon the child was to be discharged to her parents for a nine-month period under the supervision of the petitioner, and (2) an order of the same court, dated January 4, 1989, which, in effect, denied the application of the petitioner, in which the Law Guardian joined, for modification of the dispositional order to stay the return of the child to her parents; and the petitioner separately appeals from the order dated January 4, 1989.

Ordered that the appeal from the dispositional order dated November 7, 1988 is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal by the petitioner from the order dated January 4, 1989 is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated January 4, 1989 is affirmed, without costs or disbursements.

Our examination of the record reveals that there was no basis on which to modify the dispositional order. That order was made after a full fact-finding hearing where testimony was offered by an expert witness, a psychologist, who had conducted extensive therapy sessions with the child and the family and recommended that they be reunited under the Commissioner's supervision. Acting on this recommendation, the court directed that the child be released to the respondent parents on January 2, 1989 for a nine-month period under the Commissioner's supervision. At the hearing on the application for modification of the dispositional order, it was alleged that the father, during a weekend visit with the child at Christmas, mistreated her. The court found that no mistreatment had occurred and therefore denied the application for modification. The court also noted that the respondent parents had

cooperated fully in undergoing therapy and that therapy was to continue. The Law Guardian contends on appeal that the court erred in dismissing the application for modification without making inquiry into the current status of the family therapy. We disagree.

Under all the circumstances, we conclude that the best interests of the child will be served *(Friederwitzer v Friederwitzer,* 55 NY2d 89) by affirming the denial of the application for modification of the dispositional order and by allowing her to be returned to her parents in accordance with the terms of that dispositional order.

In view of the fact that the brief submitted by the Law Guardian on appeal fails to make any argument with respect to the dispositional order dated November 7, 1988, the appeal therefrom is deemed abandoned.

The Commissioner's appeal from the order dated January 4, 1989 is also dismissed as abandoned inasmuch as the brief submitted on appeal concludes that that order should be affirmed because "there is no basis for appellate review". Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.